Dear Constable McCartney:
This office is in receipt of your request for an Attorney General Opinion regarding the residency requirements for the office of constable. Specifically, you ask whether you may continue to serve as constable in the districts for which you were elected, but no longer reside.
As indicated in your request, you were elected for Districts 1 and 4 in the parish of LaSalle, and have recently moved to District 5. Louisiana Revised Statute 13:2583A(1) sets forth the requirements and qualifications for the office of constable and provides in pertinent part:
 A(1) There shall be one constable for the court of each justice of the peace in the several parishes of the state, who shall be . . . an elector and resident of the ward or district from which elected. (Emphasis Added.)
As per Section A(1) of the above referenced statute, a constable shall be a resident of the district from which elected. See also Atty. Gen. Op. No. 97-403. Therefore, in light of La. R.S. 13:2583 et seq., it is the opinion of this office that you may no longer serve the remainder of your term as constable of Districts 1 and 4, from which you were elected.
In reference to your concerns regarding the vacancy of office that will occur from your resignation, La. R.S. 13:2583F is pertinent to your inquiry and provides as follows:
 F. When a vacancy occurs in the office of constable or marshal and unexpired term of the office is one year or less, the chief deputy shall assume such position and duties and shall serve for the remainder of the unexpired term. However, in those cases where there is no such person to assume the duties when the vacancy occurs, the appropriate governing authority shall within ten days, appoint a person having the qualifications of the office to assume the duties of the office for the remainder of the unexpired term. (Emphasis added.)
According to the information provided to our office, the remainder of your unexpired term is one year or less. Therefore, it is the opinion of our office that the chief deputy will serve the remainder of the unexpired term; however, if there is no such person, the governing authority shall appoint a person who meets the qualifications of the pertinent statute to serve the remainder of the term.
We hope the foregoing is helpful to you. Should you have any further inquiries in which we may provide assistance, please contact this office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:________________________
 LaTonya L. Ozene
 Assistant Attorney General
 CCF, Jr:LLO/jv
OPINION NUMBER 97-403 Honorable Gail Avery Attorney General of Louisiana — Opinion December 8, 1997
57 JUSTICES OF THE PLACE CONSTABLES
R.S. 13:2582; 13:2583; Act 101(1900); LSA-Constitutional Art. V, § 20(1974)
While a Justice of the Peace need only reside in the parish from which he is elected, a constable must reside in the ward from which he is elected. The two (2) justices of the peace and constables from Ward 3 of Caddo Parish have concurrent jurisdiction throughout theentire Ward 3 of Caddo Parish. Thus, either justice of the peace may hear cases arising anywhere within the ward.
 Honorable Gail Avery Justice of the Peace Ward 3, Mooringsport District 9250 N. La. Hwy. 169 Mooringsport, LA 71060
RICHARD P. IEYOUB, ATTORNEY GENERAL:
Dear Judge Avery:
This office is in receipt of your opinion request in which you ask questions concerning the residency requirements for the Offices of Justice of the Peace and Constable. You also ask the jurisdiction of the Caddo Parish Ward 3 Justices of the Peace and Constables of the Blanchard District and the Mooringsport District. Specifically, you ask if these Justices of the Peace and Constables share jurisdiction of Ward 3.
The requirements and qualifications for the office of justice of the peace are found in R.S. 13:2582 which states:
§ 2582. Justices of the peace; qualifications; election; term ofoffice; nullity; persons ineligible
 A. Each justice of the peace shall be of good moral character, a qualified elector, and able to read and write the English language correctly. Each shall possess such other qualifications as are provided by law.
As per Section A of the above statute, a candidate for justice of the peace need only be a qualified elector, and need not reside within the ward from which he is running. In contrast, the requirements for the office of constable are provided in R.S. 13:2583(A), which states:
§ 2583. Constables; election; term of office; qualifications
 A. There shall be one constable for the court of each justice of the peace in the several parishes of the state, who shall be of good moral character, be able to read and write the English language, possess a high school diploma or its equivalent as determined by the State Board of Elementary and Secondary Education, and be an elector and resident of the ward from which elected. He shall possess such other qualifications as are provided by law.
While a justice of the peace need not reside in the ward from which he is elected, the statute requires a constable to be a resident of the ward from which he is elected.
Regarding the jurisdiction of the two (2) justices of the peace and constables in the 3rd Ward of Caddo Parish, please note Act No. 101 enacted in 1900 which established the Second Justice of the Peace and Constable positions in the Third Ward of Caddo Parish. This Act states, in pertinent part:
 Be it enacted by the General Assembly of the State of Louisiana. That Act 98 of the Acts of 1878 be amended and re-enacted so as to read as follows:
 Section 1. Be it enacted. That an additional justice of the peace and constable be created in the 3rd Ward of the Parish of Caddo.
 Section 3. Be it further enacted, etc., That the two justices shall have concurrent jurisdiction throughout the entire ward.
LSA-Constitutional Article V, § 20 (1974) provides:
 "Section 20. Mayors' courts and justice of the peace courts existing on the effective date of this constitution are continued, subject to change by law."
As the two (2) justices of the peace and constable of Ward 3 of Caddo Parish were given concurrent jurisdiction throughout the entire ward by Act 101 in 1900, and as there has been no legislative act before or since the 1974 Louisiana Constitution, which has altered the status of those two (2) positions, it is our opinion that the two (2) justices of the peace and constables from Ward 3 of Caddo Parish have concurrent jurisdiction throughout the entire Ward 3 of Caddo Parish. Thus, either justice of the peace may hear cases arising anywhere within the ward.
We hope this opinion sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 By:____________________
 RICHARD WILLIAMS
 Assistant Attorney General
 RPI/JRW:bb